## 52374. DAVIS et al. v. LEVINE.

PANNELL, Presiding Judge.

This case is in this court upon appeal by a defendant enumerating error on the grant of a summary judgment in favor of the complainant and the denial of the summary judgment sought by the defendant. The case was an action by a purchaser against the sellers to recover the sum of $3,073.92 as for money had and received. At closing, a balance principal on an outstanding loan secured by the property was shown on the closing statement as $52,555.81, which was to be assumed by the purchaser, and the amount of $3,073.92, being the amount of an escrow deposit for the payment of taxes and insurance held by the lender, was to be paid by the purchaser to the seller, and the closing was had on this basis. Plaintiff-purchaser contends that the $52,555.81 balance principal given to the closing agent as the correct amount was in error as this was the balance principal after the loan holder had credited the escrow account on the loan, thus resulting in the purchaser paying the seller $3,073.92 representing the escrow deposit and assuming a loan, the balance of which was $3,073.92 more than that shown on the closing statement, thus, unjustly enriching the seller in the amount of the $3,073.92. On motion for summary judgment by both parties, the evidence was in conflict. One view of the evidence supported the plaintiff purchaser's contentions. However, there was also evidence that the closing figures were correct as to the balance principal on the loan and as to the amount on

deposit in the escrow account at the time of the loan closing. Accordingly, there was no error in overruling the defendant's motion for summary judgment, but there was error in granting the complainant's motion for summary judgment, as there was an issue of fact for decision by the jury.

*Judgment affirmed in part and reversed in part. Marshall and McMurray, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED JULY 12, 1976.

*Westmoreland, Hall, McGee & Warner, J. M. Crawford,* for appellants.

*Parks, Eisenberg & Weinstein, David S. Eisenberg,* for appellee.